IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                Cr. No. 24-CR-1026-KWR

DAMIAN AMARILLO,

      Defendant.

### DEFENDANT'S UNOPPOSED MOTION TO CONTINUE

Defendant Damian Amarillo, by and through his counsel of record, Assistant Federal Public Defender Emily P. Carey, respectfully moves this Court to continue the jury trial currently scheduled for October 6, 2025, trailing docket, and to vacate and reschedule all other deadlines and settings in this matter for sixty (60) days. In support of this Motion, counsel states:

1.      On August 12, 2024, Mr. Amarillo pleaded not guilty to an indictment charging him with one count of second-degree murder, aiding and abetting, in violation of 18 U.S.C. §§ 1153 and 1111, and one count of using and carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 2). If convicted as charged, Mr. Amarillo – now barely 20 years old - faces the possibility of a minimum of 10 years on the firearm charge alone which would have to run consecutive to any sentence on the §§ 1153 and 1111 charge.

2.      Trial in this matter is scheduled for October 6, 2025. (Doc. 34).

3.      Mr. Amarillo respectfully requests an additional continuance of the pretrial motions deadline and current trial setting to complete several additional tasks important to the defense.

Specifically, he requests an additional sixty (60) days from the current setting to prepare and file any pretrial motions, to continue plea discussions with the United States and, should negotiations fail to yield resolution, to prepare for trial.

4.    As the Court is aware, there have been numerous discovery disclosures in this matter consisting of reports, nearly 100 video and audio recordings, hundreds of audio-recorded jail calls, drone footage, and photographs. In short, discovery in this matter is voluminous. Counsel must review all digital media with Mr. Amarillo in person because it requires access to a computer. He is currently detained at the Cibola County Correctional Center which is located approximately an hour and twenty minutes from the Office of the Federal Public Defender. Undersigned counsel believes the defense has now reviewed all pertinent discovery with Mr. Amarillo. However, Mr. Amarillo requested the opportunity to review again some of the digital media as he determines how he would like to proceed with his case. The defense has re-reviewed most of these requested materials with Mr. Amarillo but requires additional time to ensure that he has had adequate time and opportunity to thoroughly review any materials he cannot access on his own without a computer.

5.    Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984). There are a few outstanding investigatory tasks, primarily related to records collection from third parties with delayed response time. The additional time would aid in the collection of those records.

6.    Most critically, the parties have been actively engaged in discussions to determine whether this matter might be resolved pretrial. Mr. Amarillo believes it may be in his best interest to explore whether this matter can be resolved short of trial.  As the U.S. Supreme Court recognized in *Lafler v. Cooper,* 566 U.S. 156, 170 (2012), "criminal justice today is for the most part a system

of pleas, not a system of trials." The Supreme Court recognized that passing up the opportunity to plead guilty to a favorable offer also has Constitutional dimensions.

7.    At the prior request for a continuance, plea discussions were very preliminary. The United States had just disclosed additional discovery, there was outstanding investigation, and for other reasons discussed on the record at the prior hearing on that motion for a continuance there were other matters delaying progress. The United States has now made a formal plea offer and the parties are actively negotiating to determine whether this case might be resolved pretrial. Additional time is required for these negotiations.

8.    "[A] defendant has the right to make a reasonably informed decision whether to accept a plea offer or proceed to trial." *See United States v. Washington,* 619 F.3d 1252, 1259 (10th Cir. 2010) (citing *Hill v. Lockhart,* 474 U.S. 52, 56-57) (1985)). Mr. Amarillo also has a Sixth Amendment guarantee to the right of counsel at all critical stages of his prosecution. *Id.* at 1258. The Tenth Circuit has recognized in the context of "critical" stages of criminal proceedings, that the plea-bargaining process is a critical stage. *Id.; see also Williams v. Jones,* 571 F.3d 1086, 1091-92 (10th Cir. 2009) (denoting that "plea bargaining process is a critical stage of a criminal prosecution," and that "effective assistance is guaranteed for the whole plea process, not just in connection with accepting…a plea agreement").

9.    Accordingly, undersigned counsel has an obligation to effectively assist Mr. Amarillo in deciding whether to accept a plea offer, negotiate for a different resolution, or take his case to trial. *See United States v. Kearn,* 90 F.4th 1301 (10th Cir. 2024) (affirming the district court's grant of habeas relief and conclusion that trial counsel's brief discussion with the defendant was inadequate to explain the complexities of the plea and undermined the defendant's ability to adequate weigh the pros and cons of pleading). Counsel wants to be certain that Mr. Amarillo fully

understands the facts of his case and that he has the information necessary to make an informed decision about pleading or going to trial. Given Mr. Amarillo's personal characteristics, as expressed during the June 26, 2025, hearing, this process requires more time.

10.    Alternatively, defense counsel requires additional time to prepare should this matter proceed to trial. Mr. Amarillo is an incredibly young man who is facing very serious charges with significant sentencing exposure if convicted as charged. Mr. Amarillo's right to the effective assistance of counsel includes adequate time to prepare for trial and effectively complete a defense investigation. Without this time to prepare, Mr. Amarillo will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

11.    Mr. Amarillo therefore respectfully requests a continuance of sixty (60) days to prepare for trial.[1] Mr. Amarillo cannot be and will not be ready for trial in advance of sixty days from the current setting. The continuance will not prejudice Mr. Amarillo, as it will allow counsel an opportunity to prepare an effective defense and possibly to attempt to negotiate a favorable plea

---

[1] Undersigned counsel is still scheduled for trial in *United States v. Alonso-Almaraz, et al.*, 22-CR-01906-MLG, a multi-defendant case designated complex, starting October 20, 2025, which would render an October 6, 2025, trial setting in this matter very difficult should the *Alonso-Almaraz* matter remain as currently calendared.

agreement. The requested sixty-day continuance would result in a December setting. Understanding that more scheduling challenges arise the closer we get to the holidays, Mr. Amarillo is not opposed to discussing a firm trial date.

12.     Undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing the defense to review again with Mr. Amarillo any digital discovery, to complete investigatory tasks, to prepare and file any necessary pretrial motions, and to counsel Mr. Amarillo.

13.     A continuance will also provide the parties critical additional time to determine whether this matter can be resolved without trial, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq*.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford,* 394 F. App'x, 927,

2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

14.     Counsel for the United States, Assistant United States Attorney Caitlin Dillon, does not oppose a continuance.

WHEREFORE, Mr. Amarillo respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489


*Electronically filed September 4, 2025*
/s/ Emily P. Carey
Assistant Federal Public Defender
Attorney for Defendant