IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    No. 24-CR-1026-KWR

DAMIAN AMARILLO,

        Defendant.

### MOTION TO DETERMINE COUNSEL
**(To Be Heard by the U.S. Magistrate Judge)**

Assistant Federal Public Defender Emily P. Carey respectfully moves the Court to conduct a hearing to determine the status of the representation of Mr. Amarillo in this case. Assistant United States Attorney Caitlin Dillon takes no position on this motion. As grounds for this request, counsel states the following:

1. On August 12, 2024, Mr. Amarillo pleaded not guilty to an indictment charging him with one count of second-degree murder, aiding and abetting, in violation of 18 U.S.C. §§ 1153 and 1111, and one count of using and carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Doc. 2). Mr. Amarillo is currently in the custody of the U.S. Marshal Service at the Cibola County Correctional Center.

2. The Court appointed undersigned counsel to represent Mr. Amarillo on August 7, 2024. (Doc. 8). Mr. Amarillo is currently scheduled for trial on the December 8, 2025, trailing docket. (Doc. 36).

3. Counsel and other members of the defense team have met with Mr. Amarillo many times over the course of these proceedings both by video and in person at the Cibola County Correctional Center. Initially, there were no communication concerns at all. Starting in February

1

2025, Mr. Amarillo missed several meetings with counsel. The matter was addressed, and communication largely improved.

4.      However, Mr. Amarillo has refused to come to the last three scheduled meetings with counsel – two were scheduled for in-person visits, another was a video visit. Prior to the most recent missed meeting, undersigned counsel sent a letter to Mr. Amarillo imparting the importance of coming out to meet with his defense team. Nevertheless, he did not come out.

5.      Counsel currently has no information to suggest that Mr. Amarillo is suffering from a mental illness that would affect his ability to communicate with counsel or his competency to proceed with his case. However, because of the lack of communication, counsel is unable to ascertain whether Mr. Amarillo is unhappy with counsel's representation or whether something else might be preventing him from appearing for meetings with his attorney.

6.      Over a year into these proceedings, the case is now at a critical juncture. Mr. Amarillo is very young, has no prior criminal history or court involvement, and is faced with some difficult decisions.  As such, counsel is primarily concerned about Mr. Amarillo's well-being.  But she is also concerned that the lack of communication is hindering progress on Mr. Amarillo's case, a concern heightened by a December trial date. Therefore, at this time, undersigned counsel feels the lack of attorney-client communication presents an inability to move this case forward.

7.      Counsel is not currently seeking to withdraw from this matter. Rather, she requests a hearing to determine the cause of Mr. Amarillo's failure to appear for meetings with his attorney and to ultimately determine the status of Mr. Amarillo's representation.

WHEREFORE, undersigned counsel respectfully requests that this Court conduct a brief in-person hearing to determine the status of Mr. Amarillo's representation.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
emily_carey@fd.org

***Electronically filed September 18, 2025***
/s/ Emily P. Carey
Assistant Federal Public Defender